UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA BADILLO ET AL.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MARK HAZUDA, DIRECTOR, NEBRASKA SERVICE CENTER, U.S. CITIZENSHIP AND IMMIGRATION SERVICES ET AL.,<br><br>    Defendants. | CV 12-3846 RSWL (CWx)<br><br>**Statement of Uncontroverted Facts and Conclusions of Law Re: Plaintiffs' Cross Motion for Summary Judgment [28]; Defendants' Motion for Summary Judgment [29]** |

After consideration of the papers and arguments in support of and in opposition to Plaintiffs Lorena Badillo ("Lorena"), Perfecto Badillo ("Perfecto"), Michelangelo Badillo ("Michelangelo"), and Marco Polo Badillo's ("Marco Polo") (collectively, "Plaintiffs") Cross Motion for Summary Judgment [28], and Defendants Mark Hazuda, Director, Nebraska Service Center, United States Department of Homeland Security, United States Citizenship and Immigration Services; Alejandro Mayorkas, Director, United States Department of

1

Homeland Security, United States Citizenship and Immigration Services; and the United States Department of Homeland Security, United States Citizenship and Immigration Services's (collectively, "Defendants") Motion for Summary Judgment [29], this Court makes the following findings of fact and conclusions of law.

## UNCONTROVERTED FACTS

1. Plaintiffs are each natives and citizens of the Philippines. Lorena Badillo Certified Administrative Record ("LB CAR") at 68. Lorena and Pefecto are spouses, and Michelangelo and Marco Polo are their children. Id.

2. Perfecto is a professional animator and artist. Plaintiffs' Stmt. of Material Facts ("SMF") ¶ 2. Perfecto entered the United States on May 9, 1998 based on an H-1B non-immigrant visa for aliens in specialty occupations, sponsored by his employer DreamWorks Animation LLC. LB CAR at 56-57. Lorena, Michelangelo, and Marco Polo entered on May 9, 1998, as Perfecto's dependents. Id. at 81.

3. In December 1998, Perfecto filed an I-140 Immigrant Employment visa petition, seeking a first-preference immigrant visa (an EB-1 visa) classifying Perfecto as an immigrant worker of extraordinary ability. LB CAR at 4; Perfecto Badillo Certified Administrative Record ("PB CAR") at 573-75. On March 30, 2000, Immigration and Naturalization Service ("INS") denied the petition, stating that Perfecto

failed to demonstrate that he qualified for an EB-1 visa. PB CAR at 568-71. On April 27, 2000, Perfecto filed a Motion to Reopen, which the INS denied on December 4, 2000. Id. 512-16. Perfecto filed another I-140 Petition on June 12, 2001, which he withdrew on March 28, 2002. Id. 62, 67-69. In the meantime, on May 1, 2000, Perfecto was granted an O-1 extraordinary ability non-immigrant visa. SMF ¶ 7.

4. Lorena is the beneficiary of an approved employment-based immigration visa petition filed on her behalf on March 7, 2007, by Angel Care Nursing Home. Id. ¶ 10; FAC ¶ 14. She then applied for an adjustment of status (a green card) for herself, with Perfecto and their children as derivative beneficiaries. Id. The United States Citizenship and Immigration Services ("USCIS") denied each application on November 22, 2011, stating that Lorena was not eligible for adjustment of status, because Lorena had previously worked without employment authorization under 8 U.S.C. § 1255(c). LB CAR at 45. Further, USCIS found that she was not eligible to adjust status based on the ameliorative provisions of 8 U.S.C. § 1255(i). Id. at 44.

5. USCIS then reopened its denial *sua sponte* and issued a Notice of Intent to Deny on July 10, 2012. Id. at 34. Plaintiffs responded, arguing that Perfecto's EB-1 petition was approvable when filed such that Plaintiffs can "grandfather" off of Perfecto's petition under 8 U.S.C. § 1255(i) and 8 C.F.R. §

3

245.10(a).  Id. at 24.  USCIS re-denied Plaintiffs' adjustment-of-status applications on September 6, 2012, after determining that Perfecto's EB-1 petition was not "approvable when filed" under 8 C.F.R. § 245.10 because he could not show that he *qualified* for an extraordinary ability immigrant visa in 1998; thus, Plaintiffs could not "grandfather" off of his visa petition under 8 U.S.C. § 1255(i).  Id. at 5.  This constituted a final administrative decision.  Id. at 13.

## CONCLUSIONS OF LAW

1.  Under the APA, a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

2.  A reviewing court must set aside agency action denying an alien's visa petition if the action is found to be "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A); Mt. St. Helens Mining and Recovery Ltd. P'ship v. United States, 384 F.3d 721, 727 (9th Cir. 2004).

3.  In Chevron v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984), the Supreme Court set forth a two-step test for judicial review of administrative agency interpretations of federal law.  Courts "give broad deference to an agency's

1 interpretation meeting this test." <u>Satterfield v.
2 Simon & Schuster, Inc.</u>, 569 F.3d 946, 952-53 (9th Cir.
3 2009).

4     4.  First, the Court must determine "[i]f the
5 intent of Congress is clear . . . for the court, as
6 well as the agency, must give effect to the
7 unambiguously expressed intent of Congress." <u>Chevron</u>,
8 467 U.S. at 842-43.  "The first step under the <u>Chevron</u>
9 analysis is to determine 'whether Congress has directly
10 spoken to the precise question at issue.'"
11 <u>Satterfield</u>, 569 F.3d at 953 (quoting <u>Chevron</u>, 467 U.S.
12 at 842).

13     5.  Second, if a statute is silent or ambiguous
14 with respect to the issue at hand, the Court must defer
15 to the agency so long as "the agency's answer is based
16 on a permissible construction of the statute."
17 <u>Chevron</u>, 467 U.S. at 843.  An agency's interpretation
18 is permissible, unless it is "arbitrary, capricious, or
19 manifestly contrary to the statute." <u>Id.</u> at 844.

20     6.  The Immigration and Nationality Act provides a
21 mechanism for certain aliens present in the United
22 States to obtain permanent resident status.  <u>See</u> 8
23 U.S.C. § 1255.

24     7.  However, adjustment of status is not available
25 to an alien who, among others, has worked without
26 authorization, or who is in unlawful immigration status
27 on the date of the filing of the adjustment of status
28 application.  8 U.S.C. § 1255(c).

8.  Under 8 U.S.C. § 1255(i), an alien may be permitted to adjust her status despite the prohibition of Section 1255(c) if she pays a $1,000 fee and can establish that she filed a family or employment-based immigration visa petition, or that an employer filed a labor certification application on her behalf, on or before April 30, 2001.  8 U.S.C. § 1255(i).

9.  Under the regulations interpreting and implementing Section 1255(i), a beneficiary who qualifies for an adjustment of status under Section 1255(i) is called a "grandfathered alien".  8 C.F.R. § 245.10.  Aliens are allowed to "grandfather" off a petition other than the petition upon which they are seeking to adjust.  Id.

10.  Under 8 C.F.R. § 245.10, a visa petition used for grandfathering must be "approvable when filed". Approvable when filed means that "as of the date of the filing of the qualifying immigrant visa petition under section 204 of the Act . . . the qualifying petition . . . was **properly filed, meritorious in fact, and non-frivolous**."  Id. (emphasis added).

11.  8 C.F.R. § 245.10 is a valid regulation because 8 U.S.C. § 1255(i) is ambiguous on the issue of whether a grandfathered alien can adjust her status based on a later-filed immigration visa petition.  The regulation reasonably interprets the statute by requiring the petition filed prior to April 2001 be "approvable when filed".

6

1    12.  Defendants' determination that Lorena was ineligible to grandfather off Perfecto's previously filed EB-1 visa was not arbitrary or capricious.  The record supports United States Citizenship and Immigration Services' determination that the evidence before it the did not demonstrate that he qualified for an EB-1 visa at the time the visa petition was filed. Therefore, USCIS determined that the EB-1 visa petition was not approvable when filed, and thus does not satisfy the grandfathering requirements of 8 C.F.R. § 245.10.

**IT IS SO ORDERED.**

DATED: May 30, 2013

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge